Filed 4/21/21  P. v. Page CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>RICHARD PAGE,<br><br>　　　Defendant and Appellant. | B303788<br><br>(Los Angeles County<br>Super. Ct. No. VA111507) |

APPEAL from postjudgment orders of the Superior Court of Los Angeles County, Olivia Rosales and Michael A. Cowell, Judges.  The appeal from the order denying discovery as untimely is dismissed.  The order denying the motion to vacate fines, fees and assessments is affirmed.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

Richard Page appeals from postjudgment orders denying a motion for discovery and a motion to vacate fines, fees and

assessments imposed at his sentencing in 2010. No arguable issues were identified by Page's appointed appellate counsel after her review of the record. We also have identified no arguable issues after our own independent review of the record and analysis of the contentions presented by Page in a supplemental brief. We dismiss Page's appeal from the order denying discovery as untimely and affirm the order denying the motion to vacate fines, fees and assessments.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Page's Trial and Sentence*

Page attacked his ex-wife in 2009 while she was walking her dog through the park. Page hit her repeatedly in the head and face and tried to suffocate her by placing a plastic bag over her head.

Page was convicted following a jury trial in October 2010 of attempted willful, deliberate and premeditated murder (Pen. Code, §§ 187, subd. (a),[1] 664, subd. (a)), corporal injury to a former spouse (§ 273.5, subd. (a)) and disobeying a domestic relations court order, a misdemeanor (§ 273.6, subd. (a)). The jury found true allegations that in committing the offenses Page had personally used a deadly or dangerous weapon (§ 12022, subd. (b)(1)) and had personally caused great bodily injury under circumstances involving domestic violence (§ 12022.7, subd. (e).)

The trial court sentenced Page to an indeterminate state prison term of life with the possibility of parole for attempted premeditated murder, plus consecutive determinate terms of one year for the deadly weapon enhancement and five years for

---

[1] Statutory references are to this code unless otherwise stated.

2

the great bodily injury enhancement.[2]  The court ordered Page to pay $2,790 in victim restitution pursuant to section 1202.4, subdivision (f), and imposed a $400 domestic violence fee (§ 1203.097), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), a $60 criminal conviction assessment (Gov. Code, § 70373), (§ 1465.8) and a $200 restitution fine (§ 1202.4, subd. (b)), and imposed and stayed a $200 parole revocation fine (§ 1202.45).

We affirmed the judgment on appeal.  (*People v. Page* (Nov. 29, 2011, B229182) [nonpub. opn.].)

2.  *The Postjudgment Motions*

On August 30, 2019 Page moved in superior court for discovery of "materially exculpatory evidence" he alleged the "district attorney's office willfully failed to disclose" prior to trial, including a toxicology report concerning the victim, all documents regarding an investigation of the victim by her employer and all medical records pertaining to the victim's reconstructive surgeries.  The superior court denied the motion.  Page's purported appeal from that order was dismissed as having been taken from a nonappealable order.  (*People v. Page* (Jan. 2, 2020, B302260).)

On October 28, 2019 Page again moved for discovery of a toxicology report regarding his ex-wife allegedly prepared on July 23, 2009.  Page cited as authority for his renewed request section 1473.6, which provides a person no longer in custody may, under certain circumstances, move to vacate a judgment of conviction based on newly discovered evidence of actual

---

[2]     The court stayed the sentences on the other two counts pursuant to section 654.

3

innocence. Page attached to the motion a response from the district attorney's office, dated July 23, 2019, indicating it "could not find any documents pertaining to 'the findings of a toxicology report taken on 7/23/09.'" Page's motion also included a public records request sent to the hospital, a transcript of his ex-wife's call to the Norwalk sheriff's station on the day of the attack and an incident report prepared by Los Angeles County paramedics. In its order denying the motion on November 12, 2019, the superior court explained, "The court finds the defendant/petitioner has again filed a motion requesting an order to have the Norwalk Community Hospital provide a copy of a toxicology report purportedly involving the complaining witness in this case. The request has previously been denied. This court finds no good cause for such an order. [Page's] motion is denied."

On December 10, 2019 Page moved in superior court to vacate the fines, fees and assessments imposed at sentencing pursuant to this court's decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). The superior court denied the motion the same day, explaining, "[G]iven the sentence, the length of the sentence . . . the statutory minimum fine . . . is not unreasonable. He can work. Moreover, what he is really after is for the court to vacate the actual restitution to the victims which was $2,790. That's the bulk of the money that's been imposed and along with the $200 restitution fine which actually is less than the statutory minimum, a $400 domestic violence fund, a $30 criminal conviction assessment and a $40 court security assessment. Those funds are reasonable under the circumstances considering the length of time that he has yet to serve."

Page appealed the superior court's denial of his request to vacate the fines, fees and assessments on January 6, 2020. On

4

January 28, 2020 Page filed a second notice of appeal challenging the superior court's November 12, 2019 denial of his request for the toxicology report.

## DISCUSSION

In accord with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, we appointed counsel to represent Page on appeal.[3] After reviewing the record, appointed counsel filed a brief raising no issues. Appointed counsel advised Page on August 27, 2020 that he may personally submit any contentions or issues he wanted the court to consider. On October 6, 2020 and again on November 17, 2020 we granted Page extensions of time to file his supplemental brief.

On December 14, 2020 we received a 13-page handwritten supplemental brief from Page, as well as an 18-page request for judicial notice.[4] In his supplemental brief Page contends his appointed appellate counsel provided constitutionally ineffective assistance by submitting a brief identifying no arguable issues. Page insists the record and material identified in his request for judicial notice demonstrate a toxicology report does exist and was suppressed by the prosecution and his counsel was deficient for failing to argue the superior court improperly denied his motion

---

[3] On September 2, 2020 we denied Page's motion to appoint new appellate counsel.

[4] On December 10, 2020 we denied Page's motion to strike the probation report, which is part of the record of appeal, and ordered him to file his supplemental brief by January 4, 2021. Page challenged this order in a petition for review in the Supreme Court. That petition was denied on February 17, 2021. (S266530.)

5

for discovery.[5]  He also asserts counsel should have argued the probation report used in connection with his sentencing was improperly prepared and reviewed and the victim restitution amount he was ordered to pay was not identified in the report. The *Dueñas* decision is mentioned only when Page describes the basis for his motion in the superior court to vacate fines, fees and assessments.

Page's appeal from the November 12, 2019 order denying discovery is untimely.  A notice of appeal in a criminal case "must be filed within 60 days after the rendition of the judgment or the making of the order being appeal."  (Cal. Rules of Court, rule 8.308(a).)  Page's January 28, 2020 notice of appeal was filed 77 days after the court's order.  A timely notice of appeal is essential to appellate jurisdiction.  (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094.)  Accordingly, the appeal from that order must be dismissed.[6]

---

[5]     In light of our dismissal of Page's appeal of the order denying the discovery motion we deny as unnecessary the motion for judicial notice filed with his supplemental brief and the further motion for judicial notice filed on April 12, 2021.

[6]     Even if it were timely, Page's appeal from the discovery ruling would lack merit.  Section 1473.6, the purported basis for his motion, does not apply to an individual in state prison and does not, in any event, authorize postjudgment discovery.  It provides a procedure for a person no longer imprisoned to seek to vacate a conviction based on newly discovered evidence of actual innocence or a conviction following a plea of guilty or no contest due to prejudicial error damaging the individual's ability to meaningfully understand the immigration consequences of the plea.

With respect to his motion to vacate fines, fees and assessments, Page's argument concerning improprieties in the preparation of his probation report does not include an assertion he is unable to pay the sums imposed, the basis for the due process holding in *Dueñas*, *supra*, 30 Cal.App.5th 1157 and the rationale for the superior court's ruling denying the motion. Moreover, as the superior court noted, the focus of Page's motion was the order that he pay victim restitution, not the minimum statutory fees and assessments imposed. However, "*Dueñas* does not apply to victim restitution under section 1202.4, subdivision (f)." (*People v. Abrahamian* (2020) 45 Cal.App.5th 314, 338; accord, *People v. Evans* (2019) 39 Cal.App.5th 771, 777.)

No cognizable legal issues have been raised by Page's appellate counsel or by Page or identified in our independent review of the record. The appeal from the postjudgment order denying Page's discovery motion is dismissed. The postjudgment order denying the motion to vacate fines, fees and assessments is affirmed. (See *People v. Cole, supra,* 52 Cal.App.5th at pp. 1039-1040, review granted; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The appeal from the November 12, 2019 postjudgment order denying discovery is dismissed.  The December 10, 2019 postjudgment order denying the motion to vacate fines, fees and assessments is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.

8